T.C. Memo. 2004-283

UNITED STATES TAX COURT

STEPHEN JAMES CAPUTI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18859-03.          Filed December 22, 2004.

Stephen James Caputi, pro se.

<u>Carol-Lynn E. Moran</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $3,112 in petitioner's 2001 Federal income tax.
The issues are whether petitioner is entitled to (1) a section
151 dependency exemption deduction for his son, Thomas, (2) a
child tax credit under section 24 for Thomas, and (3) head of

household filing status.[1]  Underlying these issues is whether section 152(e) is constitutionally permissible.  At the time the petition was filed petitioner resided in Washington Crossing, Pennsylvania.

## Background

Petitioner and Jocelyn Sirkis were divorced on October 20, 2000.  They have two children, Theodore and Thomas Caputi.  After he moved out of the marital residence in mid-November 2000, petitioner had partial custody of both children on alternating weekends and for one midweek dinner visit.  During this time, both petitioner and Ms. Sirkis were seeking primary physical custody of their sons.

On September 28, 2001, an agreed custody order of the Court of Common Pleas of Bucks County, Pennsylvania, provided that both parents will share legal custody and named Ms. Sirkis the "primary custodial parent subject to partial physical custody rights" of petitioner.  Petitioner's partial physical custody schedule centers on an alternating weekly basis.  Petitioner has his sons from Wednesday after school through Thursday morning and from Friday after school through Monday morning one week, and then from Tuesday after school through Thursday morning the

---

[1]     Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

next.[2] Petitioner did not maintain a log or any other record pertaining to the time that the children were with him during the year in issue.

On his Federal income tax return for 2001, petitioner claimed a dependency exemption deduction for Thomas. He also claimed the child tax credit for Thomas and head of household filing status. Respondent disallowed the dependency exemption deduction, the child tax credit, and determined that petitioner's correct filing status was single.

## Discussion

A. Relevant Statutes

### 1. Dependency Exemption Deduction

Section 151 provides that an individual taxpayer is allowed to deduct an exemption for personal dependents. The definition of "dependent" includes a son or daughter of the taxpayer "over half of whose support, for the calendar year * * * was received from the taxpayer". Sec. 152(a). Special rules, however, apply in the case of children of divorced or separated parents. Sec. 152(e).

Prior to 1985, the custodial parent generally was treated as having provided more than half of the support for each minor

---

[2] The custody order also provides for the parties to alternate holidays, to each have one week of uninterrupted vacation time with the children, and for custody when one of the parties is traveling out of town on business.

child and was entitled to the dependency exemption deduction. The noncustodial parent, however, was entitled to the exemption if he or she provided $1,200 or more for the support of the child and the custodial parent did not "clearly establish" by a preponderance of the evidence that he or she provided more than the noncustodial parent.  See sec. 152(e), prior to amendment by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 423(a), 98 Stat. 799, 848.  This put the Internal Revenue Service (IRS) in the middle of conflicts between parents that were "often subjective and [presented] difficult problems of proof and substantiation."  H. Rept. 98-432 (Part II), at 1498 (1984).

Congress amended section 152(e) and gave the exemption to the custodial parent unless that parent waives the right to claim the exemption.  Id. at 1499.  Absent such a waiver, under section 152(e)(1), in the case of a minor dependent whose parents are divorced or separated and together provide over half of the support for the minor dependent, the parent having custody for a greater portion of the calendar year (custodial parent) will generally be treated as providing over half of the support for the minor dependent, and that parent will be entitled to the deduction.

At trial, petitioner claimed that he had custody of Thomas for a greater portion of 2001.  Petitioner did not, however, present any evidence, other than his own rather vague testimony,

that he had custody of Thomas for a greater portion of the calendar year. Prior to the custody order of September 28, 2001, petitioner had custody of Thomas every other weekend and one midweek dinner visit. Furthermore, petitioner admitted that his time with Thomas for the year 2001 did not increase until after the custody order of September 28, 2001. While the new agreement did increase his time with Thomas, it is by no means clear that his custody for the remainder of the year exceeded that of his former wife. In sum, we find that petitioner was not the custodial parent for 2001 and, therefore, is not entitled to the dependency exemption deduction.

A noncustodial parent may be treated as providing over half of the support for the minor dependent if the requirements of section 152(e)(2) are satisfied. Section 152(e)(2) provides that the noncustodial parent may be treated as having provided over half of the support if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

Petitioner does not contend that section 152(e)(2) applies here. Therefore, petitioner is not entitled to claim any child as a dependent under section 151.

2.  Child Tax Credit

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child".  As relevant here, a qualifying child is defined as an individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year".  Sec. 24(c)(1)(A).  Petitioner is not entitled to claim a dependency exemption deduction under section 151; therefore, he is not entitled to claim the child tax credit.

3.  Head of Household Filing Status

 A taxpayer shall be considered a head of a household if that taxpayer is not married, is not a surviving spouse as defined in section 2(a), and maintains a household which constitutes for more than one-half of the taxable year the principal place of abode of a child of the taxpayer.  Sec. 2(b)(1)(A)(i).  The taxpayer must also furnish over half of the cost of the household during the taxable year.  Sec. 2(b)(1).  As discussed, supra, petitioner did not maintain a household that constituted for more than one-half of the taxable year the principal place of abode for Thomas.  Accordingly, petitioner is not entitled to head of household filing status.

B.  The Constitutionality of Section 152(e)

Petitioner argues that by granting the custodial parent the dependency exemption deduction, section 152(e) creates the irrebuttable presumption that the custodial parent provides more

than half of the dependent's support and is unconstitutional.  An

irrebuttable presumption may be defined as a presumption

"incapable of being overcome by proof of the most positive

character."  Heiner v. Donnan, 285 U.S. 312, 324 (1932).

Petitioner argues that section 152(e) denies him equal protection

in disallowing the dependency exemption deduction for one of his

children because Ms. Sirkis and he have an even number of

children for whom he pays child support.

With regard to Federal statutes, the Due Process Clause of

the Fifth Amendment of the Constitution of the United States

embraces the principles of the Equal Protection Clause of the

Fourteenth Amendment of the Constitution of the United States.

Johnson v. Robison, 415 U.S. 361, 364-365 n.4 (1974); Shapiro v.

Thompson, 394 U.S. 618, 641-642 (1969).  In Regan v. Taxation

with Representation, 461 U.S. 540, 547 (1983), the Supreme Court

noted:

> Generally, statutory classifications are valid if they bear
> a rational relation to a legitimate governmental purpose.
> Statutes are subjected to a higher level of scrutiny if they
> interfere with the exercise of a fundamental right, such as
> freedom of speech, or employ a suspect classification, such
> as race.  Legislatures have especially broad latitude in
> creating classifications and distinctions in tax statutes.
> * * * [Citation omitted.]

No fundamental right or suspect classification is involved

here.  Under the rational basis standard, a provision does not

violate equal protection "if any state of facts rationally

justifying it is demonstrated to or perceived by the courts."

United States v. Md. Savings-Share Ins. Corp., 400 U.S. 4, 6 (1970).  Moreover, "congressional judgments in the form of 'irrebuttable presumptions' in the economic area will be upheld where there is a rational relationship between the criteria set forth in the statutory mandate and a legitimate congressional purpose."  Sakol v. Commissioner, 574 F.2d 694, 698 (2d Cir. 1978), affg. 67 T.C. 986 (1977).  Generally, the alleviation of "administrative burdens and practical problems of enforcement" constitutes a legitimate congressional purpose.  Bryant v. Commissioner, 72 T.C. 757, 766 (1979).

By enacting the current version of section 152(e), Congress sought to avoid the very type of factual debates that petitioner advances regarding the expenses of supporting and raising children, and to ease the administrative burden that was placed on the IRS when it became involved in these types of disputes. Knight v. Commissioner, T.C. Memo. 1992-710.  Section 152(e) gives the custodial parent the deduction and the ability to waive it for the benefit of the noncustodial parent.  Id.  This eases the administrative burden on the IRS and advances enforcement of the statute in a rational way; therefore, section 152(e) does not violate the Due Process Clause of the Fifth Amendment of the Constitution of the United States.  Id.

To be sure, there are other ways that Congress could have resolved the problem, and each way would have strengths and

weaknesses.  But the fact that another way may seem preferable to petitioner does not mean that the manner chosen is without a rational basis.[3]  Section 152(e) withstands petitioner's constitutional challenge.

<u>Decision will be entered</u>

<u>for respondent.</u>

_____

[3]  At best petitioner's argument is somewhat convoluted. If there were an odd number of children involved, petitioner acknowledges that equal apportionment of the sec. 151 dependency exemption deduction would not be possible.  Presumably, even petitioner realizes that the answer could not be derived from King Solomon's wisdom.